**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**CHRISTINE M. BRIGGS,**

      Plaintiff,

**v.**                              **CIVIL ACTION NO.: 3:15-CV-24
(GROH)**


**NATIONSTAR MORTGAGE, LLC,
and NEWCASTLE MORTGAGE
SECURITY TRUST 2006-1,**

      Defendants.


**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO
RESTORE CASE TO ACTIVE DOCKET OR, IN THE ALTERNATIVE,
TO REQUIRE DEFENDANTS TO INITIATE ARBITRATION**

Currently before the Court is the Plaintiff's Motion to Restore Case to Active Docket or, in the Alternative, to Require Defendants to Initiate Arbitration [ECF No. 33], filed on March 22, 2016. The Defendants filed their response in opposition on April 8, 2016, and on April 15, 2016, the Plaintiff filed her reply. For the following reasons, the Court **DENIES** the motion.

## I. Background

This case arises out of a mortgage loan transaction in which the Plaintiff alleges breach of contract and violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 through 46A-8-102. The Plaintiff originally filed her complaint in the Circuit Court of Berkeley County, West Virginia, and on March 5, 2015, after approximately seven months of discovery in state court, the Defendants removed the case to this Court. Following removal, the Plaintiff filed a motion to remand, which

was denied on May 15, 2015. On July 8, 2015, the Defendants filed a motion for leave to file an amended answer, a motion to compel arbitration and a motion to stay discovery. On August 24, 2015, the Court granted the Defendants leave to file an amended answer, and the following day the Court granted the motion to stay discovery, pending its ruling on the Defendants' motion to compel arbitration. Upon review of the arbitration agreement entered into by the parties, and after thoughtful consideration of the Federal Arbitration Act, 9 U.S.C. §§ 1-16, on October 9, 2015, the Court granted the Defendants' motion to compel arbitration and stayed all proceedings pending the completion of the arbitration process.

Five and one-half months later, the Plaintiff filed a motion to restore the case to the Court's active docket or, in the alternative, to require the Defendants to initiate arbitration, which is currently pending before the Court. In her motion, the Plaintiff avers that by failing to initiate arbitration, the Defendants defaulted, or waived, their right to arbitration in this case. As such, the Plaintiff requests that the above-styled matter be reinstated to the Court's active docket. In the alternative, the Plaintiff requests that the Court compel the Defendants to initiate arbitration and require them to pay the initial administrative fees imposed by the American Arbitration Association ("AAA"). In response, the Defendants assert that because the Plaintiff instituted the instant civil action, she should bear the burden of initiating the arbitration process and paying the associated fees. In reply, the Plaintiff points to the ambiguity within the arbitration agreement, which was drafted by the Defendants. The Plaintiff submits that because the agreement is silent as to who is responsible for initiating arbitration, it is thus ambiguous, and any uncertainty regarding this issue must be resolved in her favor.

## II.  Applicable Law

### A.      Contract Interpretation

Because this Court's jurisdiction over the above-styled matter rests on principles of diversity, state law governs the interpretation of the arbitration agreement in this case. Legally enforceable agreements that utilize plain and clear language "must be construed according to their . . . natural meaning." Fraternal Order of Police, Lodge No. 69 v. City of Farimont, 468 S.E.2d 712, 716 (W. Va. 1996).  Any portion of a contract that is ambiguous will be construed against the drafter. Nisbet v. Watson, 251 S.E.2d 774, 780 (W. Va. 1979); see also Krazek v. Mountain River Tours, Inc., 884 F.2d 163, 165 (4th Cir. 1989).  Ambiguity arises where an "agreement is inconsistent on its face," or when the "parties can have reasonable differences in construing [its] terms." Mountain State Coll. v. Holsinger, 742 S.E.2d 94, 102 (W. Va. 2013) (per curiam).  Silence, however, does not equate to ambiguity. Id.

### B.      Default of Arbitration

A party may lose its right to stay court proceedings in order to engage in arbitration if it is "in default in proceeding with such arbitration." Forrester v. Penn Lyon Homes, Inc., 553 F.3d 340, 342 (4th Cir. 2009) (internal quotation omitted) (quoting 9 U.S.C. § 3 (2006)).  The party opposing arbitration bears the "heavy burden" of proving default, id. at 343, and courts do not "lightly infer the circumstances constituting waiver," Patten Grading and Paving, Inc. v. Skanska USA Bldg., Inc., 380 F.3d 200, 204 (4th Cir. 2004) (internal quotation omitted) (quoting Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 95 (4th Cir. 1996)).  Arguments in support of default may include evidence of delay and ongoing participation in litigation, but this evidence alone does not

constitute a showing of default. <u>Forrester</u>, 553 F.3d at 343. Furthermore, simply failing to assert arbitration as an affirmative defense is not, in and of itself, conclusive of default. <u>Id.</u> To prove default, the party opposing arbitration must show that he has suffered actual prejudice. <u>Rota-McLarty v. Santander Consumer USA, Inc.</u>, 700 F.3d 690, 702 (4th Cir. 2012). Actual prejudice may be demonstrated when the moving party "actively participates in [the] lawsuit or takes other action inconsistent with the right to arbitration." <u>In re Mercury Constr. Corp.</u>, 656 F.2d 933, 939 (4th Cir. 1981) (internal quotation omitted) (quoting <u>N&D Fashions, Inc. v. DHJ Indus., Inc.</u>, 548 F.2d 722, 728 (8th Cir. 1976)). Delay, extent of discovery and the number and nature of motions filed by the moving party should be considered. <u>Rota-McLarty</u>, 700 F.3d at 702-04.

### III. Discussion

#### A. Initiation of Arbitration and Payment of Filing Fees

The mortgage loan agreement entered into between the Plaintiff and the Defendants gives either party the right to elect arbitration as a form of dispute resolution. The relevant sections of the agreement provide as follows:

> You and We agree that if any Dispute arises, either You or We may choose to have the Dispute resolved by binding arbitration. The arbitration shall be administered by the American Arbitration Association under the Commercial Arbitration rules then in effect, including any supplemental procedures. . . . The election to arbitrate may be made even if an action has been filed in court, so long as no judgment has been rendered. . . .

> The arbitration hearing shall be held in the county of Your residence. The arbitration hearing shall commence within sixty (60) days of the demand for arbitration, unless otherwise agreed to by the parties. . . .

> At your request, We will advance the first $250 of the filing and hearing fees for any claim that You may file against us.

ECF No. 33-1 at 5.

The Plaintiff avers that because the arbitration agreement "is silent as to who must initiate arbitration when that forum is requested," this "ambiguity" must be resolved against the Defendants as the drafters of the agreement. ECF No. 35. However, this misconstrues general principles of contract interpretation. A contract is ambiguous where an "agreement is inconsistent on its face," or when the "parties can have reasonable differences in construing the terms of the agreement." Mountain State Coll., 742 S.E.2d at 102. However, a contract is not ambiguous where it is silent. Id. Here, there is no inconsistency with regard to who must make the demand for arbitration or who must pay the AAA filing fee. Rather, the agreement is completely devoid of this information. Because the arbitration agreement is silent, rather than ambiguous, as to who must initiate the arbitration process and pay the associated costs, the Court will look to the AAA's Commercial Arbitration Rules. The AAA Rules relevant to the present issue are as follows:

> R-47. Scope of Award
>
> . . . .
>
> (c) In the final award, the arbitrator shall assess the fees, expenses, and compensation provided in Sections R-53, R-54, and R-55. The arbitrator may apportion such fees, expenses, and compensation among the parties in such amounts as the arbitrator determines is appropriate.
>
> . . . .

R-53. Administrative Fees

As a not-for-profit organization, the AAA shall prescribe administrative fees to compensate it for the cost of providing administrative services. The fees in effect when the fee or charge is incurred shall be applicable. The filing fee shall be advanced by the party or parties making a claim or counterclaim, subject to final apportionment by the arbitrator in the award.

Commercial Arbitration Rules and Mediation Procedures, American Arbitration Association (Oct. 1, 2013), https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADR STG_004103&revision=latestreleased.

In this instance, Rule 53 of the AAA's Commercial Arbitration Rules appears to place the burden of paying the initial filing fee on the Plaintiff. The Rule states that "[t]he filing fee shall be advanced by the party or parties making a claim or counterclaim." The drafters of this Rule could have stated that the filing fee must be advanced by the party demanding arbitration, or by the party exercising his right to arbitration under an enforceable arbitration agreement. Instead, the drafters specifically chose to place this burden on "the party or parties making a claim or counterclaim," and the words "claim" and "counterclaim" have special meaning in the context of litigation. Such words, as applied in this case, point to the Plaintiff. Furthermore, because the Rules allow for the apportionment of filing fees following the conclusion of the arbitration process, the Court does not find this obligation upon the Plaintiff to be inconsistent with the administration of justice. Upon review of the AAA's Commercial Arbitration Rules and in accordance with this Court's October 9, 2015 Order, the Court finds that the Plaintiff must initiate the arbitration process and pay the initial administrative fees, and any related filing fees, associated with commencing an arbitration proceeding with the AAA.

**B.    Default of Arbitration and Actual Prejudice**

The Plaintiff avers that, in light of their dilatory conduct and prejudicial litigation practices, the Defendants defaulted their right to arbitration. The Court finds that two cases in particular provide guidance in assessing whether the Defendants waived their right to arbitration. In <u>Forrester</u>, the Fourth Circuit found actual prejudice where the defendant filed a motion to compel arbitration the night before trial. 553 F.3d at 343. In considering whether the plaintiffs suffered actual prejudice, the Court looked to the age of the case, the nature and number of motions filed and decided by the district court, the existence of pretrial filings and whether, by filing a delayed request for arbitration, the defendant gained a strategic advantage. <u>Id.</u> at 343-44. Prior to the defendant's motion to compel arbitration, over two years of litigation had occurred, during which a motion for summary judgment was decided, multiple motions in limine were filed and the plaintiffs' trial strategy was revealed. <u>Id.</u> Taking these factors into consideration, the Court held that the defendant defaulted its right to arbitration. <u>Id.</u> at 343.

Contrarily, in <u>Patten</u>, the Fourth Circuit declined to find actual prejudice where the defendants filed a motion to compel arbitration after a four-month delay and subsequent to the district court's ruling on three motions by the plaintiff. 380 F.3d at 205-09. Similar to <u>Forrester</u>, the Court in <u>Patten</u> considered the extent and nature of discovery and motion practice, the length of the delay in bringing the motion to compel arbitration and whether any trial strategy was revealed. <u>Id.</u> at 205-08. The Court found the delay in asserting arbitration minimal and noted that discovery had not exceed the exchange of interrogatories and requests for production of documents. <u>Id.</u> at 205-06. The Court also articulated that no strategic advantage was gained by the moving party and the motions

did not address the merits of the plaintiff's claims.  Id. at 206-07.  Thus, the Court found

no actual prejudice and, consequently, no waiver of the right to arbitration.  Id. at 207.

In this case, the Plaintiff argues the delay of the Defendants in asserting their right

to arbitration.  Following their answer in state court, approximately eleven months passed

before the Defendants filed their motion to compel arbitration.[1]  This delay is much longer

than delays analyzed in similar cases.  See Rota-McLarty, 700 F.3d at 703 (six and one-

half months); Patten, 380 F.3d at 205 (four months); MicroStrategy, Inc. v. Lauricia, 268

F.3d 244, 250 (4th Cir. 2001) (less than six months); Maxum Founds., Inc. v. Sauls Corp.,

779 F.2d 974, 982 (4th Cir. 1985) (three months).  However, delay alone does not

demonstrate actual prejudice.  Forrester, 553 F.3d at 343.  Therefore, the Court will look

to other factors in evaluating prejudice to the Plaintiff.

In addition to delay, the Plaintiff claims that the Defendants' ongoing participation

in discovery, response to the Plaintiff's motion to remand and participation in the initial

planning meeting are all examples of actions inconsistent with an intent to arbitrate.

However, a party asserting its right to compel arbitration does not waive this right by

engaging in discovery "in the face of a court-ordered deadline."  Am. Recovery, 96 F.3d

at 96 (internal quotation omitted) (quoting Maxum Founds., 779 F.2d at 982)).

Furthermore, the motion to remand was filed by the Plaintiff, and "activity that the moving

party did not initiate [is not a factor] in assessing that party's default."  Patten, 380 F.3d

at 206.  The Defendants' participation in litigating this matter has been limited.  After

removal to this Court, the Defendants filed only one motion prior to filing their motion to

_____

[1] From the date of removal to this Court, approximately four months passed before the Defendants filed their motion to compel arbitration.

8

compel arbitration.[2]  Notably, no dispositive motions have been filed in this case, which is a factor weighing against the Plaintiff's argument in favor of default.  See Wheeling Hosp, Inc. v. Health Plan of the Upper Ohio Valley, Inc., 683 F.3d 577, 590-91 (4th Cir. 2012) (opining that whether the party opposing arbitration was required to respond to dispositive motions, although not absolute evidence of prejudice, may be considered in evaluating prejudice).

The Plaintiff also claims that she has suffered actual economic damages as a result of the Defendants' dilatory litigation tactics.  The Court notes that the party opposing arbitration bears the burden of proving expenses incurred as a result of the other party's allegedly improper litigation activity, id. at 590, and such expenses must be backed by evidentiary support, Rota-McLarty, 700 F.3d at 703.  The economic damages to which the Plaintiff refers are the continuous increases in her mortgage arrearages.  The Plaintiff avers that as of June 11, 2014, the Defendants demanded payment in the amount of $28,450.55, and that figure continues to increase by $2,024.20 every month.  The Plaintiff claims that if the Defendants had "properly handled her mortgage account" in the first place, her payments would be "approximately $800.00 less than the amount now demanded."  ECF No. 33 at 8.  However, these expenses are not expenses "incurred in responding to the moving party's litigation activities," Wheeling Hosp., 683 F.3d at 589, but rather prospective damages in relation to the Plaintiff's underlying claims.  Thus, these expenses are immaterial to the Court's inquiry into whether the Defendants defaulted or waived their right to arbitration.

---

[2] The motion filed by the Defendants prior to their motion to compel arbitration was a motion for leave to file an amended answer.

Upon review, the Court finds that the Plaintiff has failed to meet the heavy burden required to prove default of arbitration. At most, the Plaintiff has provided evidence of delay and expenses generally incurred in the litigation process. Because the Plaintiff has failed to put forth evidence demonstrating actual prejudice, the Court finds that the Defendants did not default, or waive, their right to arbitration.

### IV. Conclusion

Accordingly, the Court **ORDERS** that the Plaintiff's Motion to Restore Case to Active Docket or, in the Alternative, to Require Defendants to Initiate Arbitration [ECF No. 33] is hereby **DENIED**. The Plaintiff is **ORDERED** to initiate arbitration with the American Arbitration Association and pay the initial administrative fees, along with any other applicable filing fees, **within thirty (30) days** of entry of this Order.

All proceedings in this case are **STAYED** pending the completion of arbitration.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** May 9, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE